IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM SMITH, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-3480 |
| | : | |
| DAVID DIGUGLIEMO, et al., | : | |

**SURRICK, J.**                                                              **APRIL 17, 2009**

<u>**MEMORANDUM**</u>

Presently before the Court are Kareem Smith's pro se Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 (Doc. No. 1), the Report and Recommendation of Magistrate Judge

Timothy R. Rice (Doc. No. 9), and Petitioner's Objection to Magistrate's Report and

Recommendation (Doc. No. 10).  For the following reasons, the Objections will be overruled and

the Petition will be dismissed.

**I.       BACKGROUND**

In the early morning hours of May 22, 1999, Kareem Smith ("Petitioner") and an

accomplice robbed and murdered Bruce Goldberg as he was leaving a bar in Philadelphia,

Pennsylvania.  (Doc. No. 8 at 1); *Commonwealth v. Smith*, No. 984, slip op. at 1 (Pa. Super. Ct.

Jan. 5, 2005).  After Petitioner's capital murder trial had begun in the Court of Common Pleas of

Philadelphia County, Petitioner entered a negotiated guilty plea to third-degree murder, robbery,

and criminal conspiracy.  (Doc. No. 1 at 4; Doc. No. 9 at 1.)  On September 10, 2001, Petitioner

was sentenced to 20 to 40 years in prison.  (Doc. 1 at 4; Doc. 8 at 1; Doc. No. 9 at 1.)  Petitioner

did not file a direct appeal following his conviction.  (Doc. No. 1 at 5; Doc. No. 8 at 1; Doc. No.

9 at 1.)

On April 11, 2003, Petitioner filed a petition for review pursuant to the Pennsylvania Post

Conviction Relief Act (hereinafter "PCRA").  42 Pa. Cons. Stat. Ann. §§ 9541-46 (1998); *Commonwealth v. Smith*, No. 984, slip op. at 2 (Pa. Super. Ct. Jan. 5, 2005).  The court appointed counsel to represent Petitioner, and on February 4, 2004, Petitioner's counsel filed a "no merit" letter wherein she advised that the PCRA petition was untimely filed and subject to no time bar exceptions.  *Commonwealth v. Smith*, No. 984, slip op. at 2 (Pa. Super. Ct. Jan. 5, 2005); (Doc. No. 8, Ex. 2 at 1, 7.)  On March 5, 2004, Petitioner's PCRA petition was dismissed as untimely. (Doc. No. 9 at 1; Doc. No. 8 at 1.)  On January 5, 2005, the Superior Court of Pennsylvania affirmed the dismissal.  *See Commonwealth v. Smith*, 872 A.2d 1275 (Pa. Super. Ct. 2005).  The Supreme Court of Pennsylvania denied allocatur on May 24, 2005.  *See Commonwealth v. Smith*, 876 A.2d 395 (Pa. 2005).

On July 7, 2005, Petitioner filed the instant pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  On October 21, 2005, the District Attorney for Philadelphia County filed a Response to the Petition and requested that the Petition be dismissed with prejudice and without a hearing.  (Doc. No. 8 at 6.)  On October 31, 2005, Magistrate Judge Timothy R. Rice filed a Report and Recommendation and recommended that the Petition be denied as untimely. (Doc. No. 9 at 6.)  Petitioner filed objections to the Report and Recommendation and asked us to grant equitable tolling for his petition and schedule an evidentiary hearing on this matter.  (Doc. No. 10 at 1, 3.)

## II.    LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a prisoner has one year from the date of the final disposition of his case in state court in which to file a federal habeas corpus petition.  28 U.S.C. § 2244(d)(1).  The relevant

portion of the statute provides:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)

The AEDPA's one-year statute of limitations is not absolute.  The limitation period is subject to two tolling exceptions:  (1) statutory tolling under 28 U.S.C. § 2244(d)(2); and (2) equitable tolling.  *Schlueter v. Varner*, 384 F.3d 69, 75 (3d Cir. 2004), *cert. denied*, 544 U.S. 1037 (2005) (*citing Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003)).

## III.   LEGAL ANALYSIS

Before we can examine Petitioner's substantive claims, we must determine whether his Petition is timely.  Under Pennsylvania law, "a petition for allowance of appeal shall be filed . . . within 30 days of the entry of the order of . . . sought to be reviewed."  Pa. R. App. P. 1113(a). Petitioner was sentenced on September 10, 2001.  Therefore, Petitioner had until October 10, 2001 to file a direct appeal.  The judgment became final at that point since "a state court criminal judgment becomes 'final' for purposes of § 2244(d)(1)(A) . . . 'when the period for seeking

3

certiorari review expires.'" *Austin v. Carroll*, 224 Fed. App'x 161, 163 (3d Cir. 2007)

(unpublished opinion) (*quoting Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)).

In accordance with the AEDPA, Petitioner was required to file his Petition for Habeas

Corpus on or before October 9, 2002.  This date is one year from "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review."  28 U.S.C. § 2244(d)(1).  The earliest date on which the Petition can be

deemed to have been filed is June 27, 2005, the date that Petitioner signed it.  *Burns v. Morton*,

134 F.3d 109, 113 (3d Cir. 1998) ("[A] pro se prisoner's habeas petition is deemed filed at the

moment he delivers it to prison officials for mailing to the district court.").  Yet June 27, 2005, is

more than two-and-a-half years after the limitations period expired.  Thus, the Petition is

untimely unless the limitations period was tolled.

Section 2244(d)(2) states that "the time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C.

§ 2244(d)(2).  This constitutes the statutory tolling available under the AEDPA.  The limitations

period is also subject to equitable tolling under certain circumstances.  *See Merritt*, 326 F.3d at

161; *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998).  "Equitable tolling is

proper only when the 'principles of equity would make the rigid application of a limitation

period unfair.'"  *Miller*, 145 F.3d at 618 (*quoting Shendock v. Director, Office of Workers'*

*Comp. Programs*, 893 F.2d 1458, 1462 (3d Cir. 1990), *cert. denied*, 498 U.S. 826 (1990)).

A.     **Statutory Tolling**

For statutory tolling, a "properly filed [state] application" is one "submitted according to

the state's procedural requirements, such as the rule governing the time and place for filing."
*Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998).  Here, "because the state court rejected
petitioner's PCRA petition as untimely, it was not 'properly filed,' and [petitioner] is not entitled
to statutory tolling under § 2244(d)(2)."  (Doc. No. 8, Ex. 1 at 5); *Pace v. Diguglielmo*, 544 U.S.
408, 417 (2005).  Moreover, Petitioner's PCRA petition was not filed until April 11, 2003, which
was over six months after the expiration of the period of limitations for filing a federal habeas
corpus petition.  (Doc. No. 8 at 1; Doc. No. 8, Ex. 1 at 1.)  Hence, it could not toll the AEDPA
limitations period in any event.  *Schlueter*, 384 F.3d at 78-79.

### B.    Equitable Tolling

To establish equitable tolling, Petitioner "bears the burden of establishing two elements:
(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
stood in his way."  *Pace*, 544 U.S. at 418.  "Mere excusable neglect [on the part of Petitioner] is
not sufficient."  *Miller*, 145 F.3d at 618.

Petitioner suggests that he is entitled to equitable tolling because his trial "counsel never
informed him that he was not going to appeal" and "never informed him that he did not appeal to
the Superior Court."  (Doc. No. 1 at 9.)  Petitioner also asserts that he "never knew that counsel
did not file a [*sic*] appeal to the Superior Court" and "when Petitioner learned that his appeal was
not filed . . ., he promptly filed a post conviction relief act petition."  (*Id.*)  The PCRA Court, the
Pennsylvania Superior Court, and Defendant's appointed PCRA counsel all rejected Petitioner's
assertion.[1]  In his Objections to the Magistrate's Report and Recommendation, Petitioner again

---

[1]  The Superior Court made the following observation with regard to trial counsel's
alleged negligence:

asserts that he "believed that prior counsel . . . appealed his conviction at the time petitioner had

requested," that is, "shortly after petitioner pled guilty." (Doc. No. 10 at 2).  Petitioner further

asserts that "he was unaware that his request to counsel to file his appeal had not been fulfilled"

because he "was housed in a Restricted Housing Unit for over a six month period of time at the

State Correctional Institution at Pittsburg [sic]." (*Id.*)  Finally, Petitioner asserts that "after he

had been released from the Restricted Housing Unit . . . he sprang into action and went about

trying to get his appeal filed." (*Id.*)

In non-capital cases, "attorney error, miscalculation, inadequate research, or other

mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable

tolling." *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir. 2001).  For allegations that counsel was at

---

PCRA counsel, in her Turner/Finley letter, explained, however, that she investigated
appellant's claim by interviewing family members and reviewing documents, and
found it to be without merit.  Appellant has presented no evidence to convince this
Court otherwise.  Moreover, PCRA counsel also addressed the merit of appellant's
underlying claim and concluded the evidence was so overwhelming against him, that
it would have been ineffective assistance by plea counsel had he had not advised his
client to accept the plea reducing the charges from first to third degree murder.  As
the PCRA court noted

> defendant pled guilty after a full colloquy - written and oral - and
> after negotiations which clearly benefitted him.  He was facing
> charges for first degree murder, and had his exposure reduced from
> a possible death sentence (or life imprisonment without possibility of
> parole) to a term of 20 to 40 years.  This Court found that his plea
> was entered knowingly, intelligently and voluntarily.  Counsel had no
> reason to believe his client was dissatisfied  with the plea he had
> negotiated for him, and could not be deemed ineffective for not filing
> an appeal on his behalf.

Trial Court Opinion, Sarmina, J., 4/30/04, at 5.

(*See* Doc. No. 8, Ex. 2 at 3-4.)

fault for failure to file a timely petition, the actions by the attorney must have prevented the

prisoner from timely filing a habeas corpus application.  *See Pace*, 544 U.S. at 418.

> "Prevent" requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.  If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

*Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003), *cert. denied*, 539 U.S. 948 (2003).

In this case, Petitioner cannot demonstrate a causal relationship between his attorney's

alleged error and the lateness of filing a habeas corpus petition.  Assuming that Petitioner did not

discover his counsel's failure to file an appeal on his behalf until he was released from the

Restricted Housing Unit – i.e., six months after his conviction and sentencing – and further

assuming that the statute of limitations was tolled during this period, Petitioner still had over six

months in which he could have filed a timely habeas corpus petition.[2]  Clearly, Petitioner did not

diligently pursue his rights as evidenced by his failure to investigate and file an appropriate

motion during this six month span.  *See Cristin v. Wolfe*, 168 Fed. App'x 508, 512 (3d Cir. 2006)

(unpublished opinion) (noting that an inmate's awareness of her "attorney's failure to petition . .

. for an allowance of appeal at least three months before the end of AEDPA's one-year period of

limitations" followed by late filing of a pro se petition was not an exercise of "reasonable

---

[2]  Petitioner asserts that he was in a Restricted Housing Unit from approximately September 10, 2001, to March 10, 2002, which prevented him from learning that no appeal had been filed.  He does not explain how he was prevented from communicating with his attorney or the outside world.

7

diligence" and not entitled to equitable tolling); *Schlueter*, 384 F.3d at 78-79 (noting that an inmate was not entitled to equitable tolling because lengthy periods of time had elapsed after his conviction before he sought state and federal relief, and his attorney's malfeasance, standing alone, did not warrant equitable tolling).  Petitioner has not demonstrated any extraordinary circumstance that stood in his way and prevented his timely filing of the habeas corpus petition. Petitioner has not met his burden of establishing that he is entitled to equitable tolling.

## IV.   CONCLUSION

For these reasons Petitioner's Objections to the Report and Recommendation will be overruled and the Petition for Writ of Habeas Corpus will be dismissed.

An appropriate order will follow.

BY THE COURT:

_____

R. Barclay Surrick, J.